UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>RICHARD MARKS, CHARLES JOHN ALLAN WILLIAMS, and WILMINGTON TRUST, N.A.,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

United of Omaha Life Insurance Company ("United"), by and through its counsel Jensen Morse Baker PLLC, for its complaint in interpleader hereby alleges as follows:

## I.    PARTIES

1. United is an insurance company organized under the laws of Nebraska with its principal place of business in Nebraska.

2. United issued Term Life Insurance Policy Number UAB951033 (the "Policy") to Daniel Marks ("Decedent").

3. On information and belief, Richard Marks is a resident and citizen of Des Moines, Washington

4. On information and belief, Charles John Allan Williams is a resident and citizen of Las Vegas, Nevada.

COMPLAINT IN INTERPLEADER - 1

5. On information and belief, Wilmington Trust, N.A., is a Delaware association with its principal place of business in Wilmington, Delaware.

6. Decedent passed away on June 8, 2019 in King County, Washington. Each defendant claims entitlement to some or all of the proceeds that are payable pursuant to the Policy as a result of Decedent's death.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter and dispute under the Federal Interpleader Statute, 28 U.S.C. § 1335, because the adverse claimants are of diverse citizenship and the disputed proceeds of the Policy exceeds $500.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1397 because one of the claimants resides in this judicial district.

## III.   FACTS

9. At the time of his death, Decedent was insured for the face amount of $1,000,000.

10. A Beneficiary Endorsement to the Policy dated August 4, 2016 states that the death benefit under the policy shall by paid as follows: "Primary Beneficiaries: Payments to Charles John Allan Williams, cousin, and Richard A. Marks, son, share and share alike or to the survivor of them."

11. A Beneficiary Endorsement to the Policy dated April 1, 2018 states that all previous beneficiary designations are revoked and that the death benefit under the policy shall be paid as follows: "Payment in one sum to Wilmington Trust, NA, business."

12. Wilmington Trust, N.A. claims entitlement to the proceeds of the Policy.

13. Charles John Allan Williams claims entitlement to the proceeds of the Policy.

14. Richard Marks claims entitlement to the proceeds of the Policy.

15. The payment of the proceeds of the Policy to Wilmington Trust, NA, Charles John Allan Williams, and/or Richard Marks may expose United to double or multiple liability.

## IV.   CAUSE OF ACTION: INTERPLEADER

16. United realleges paragraphs 1-15 as if fully set forth herein.

COMPLAINT IN INTERPLEADER - 2

17. United is faced with competing claims to the proceeds of the Policy. United cannot determine, nor is it required to determine, to whom the proceeds of the Policy belong, and United faces exposure to double or multiple liability if it delivers the proceeds of the Policy to one or more of the defendants.

18. United is ready, willing, and able to deposit the proceeds of the Policy with the Court, plus any interest as may be required by statute. United has incurred, is incurring, and will continue to incur costs and attorney's fees in bringing this action. United therefore asks that it be awarded a recovery of its reasonable costs and attorney's fees, and that it be permitted to deduct that amount from the sum described above to be deposited with the Court.

19. United asks that it be permitted to deposit the proceeds of the Policy with the Court as set forth above, less its reasonable costs and attorney's fees incurred in bringing this action. United further asks that it be discharged from any obligation or liability to any of the defendants for any of the proceeds of the Policy, or any interest thereon. Moreover, United asks that the Court determine the entitlement of the various parties to the proceeds of the Policy, wholly or in part, and that the proceeds be disbursed to the various parties in accordance with that determination.

20. Pursuant to 28 U.S.C. § 2361, United is entitled to an order restraining defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy.

### V.   PRAYER FOR RELIEF

WHEREFORE, United prays for judgment as follows:

1. That United be permitted to deposit the proceeds of the Policy, subject to the adjustments described above, into the registry of the Court pending judgment;

2. That defendants and each of them be ordered to interplead and litigate their claims to the proceeds of the Policy and be enjoined from commencing any action or proceeding against United relating to or arising out of the Policy or the proceeds of the Policy;

3. That United be discharged from any and all liability to each of said defendants

COMPLAINT IN INTERPLEADER - 3

1 | relating to or arising out of the Policy or the proceeds of the Policy;

2 |        4.       That the Court determine the entitlement of the various parties, wholly or in part, to the proceeds of the Policy;

3 |        5.       That United be awarded its own costs and reasonable attorney's fees incurred in this action, wholly or in part; and

4 |        6.       That United be awarded such other and further relief as the Court may deem just and equitable.

DATED: August 23, 2019

JENSEN MORSE BAKER PLLC

By *s/ Gabriel Baker*
   Gabriel Baker, WSBA No. 28473

Attorneys for Plaintiff United of Omaha Life Insurance Company

COMPLAINT IN INTERPLEADER - 4